# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HEATH FULKERSON, | Case No.: 3:20-cv-00398-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-2 |
| THE HARTFORD, et. al, | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-2).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application will be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Neither the caption nor the complaint lists out the defendants and the basis for jurisdiction, but the body of the complaint references the Hartford, an insurance company, and Jeff Pheasant, a landlord.

First, Plaintiff alleges that on March 9, 2020, his business property was burglarized and vandalized and a customer's property was stolen. He reported the damage and loss of property to the Hartford in a property and liability claim.

Second, he alleges that on March 18, 2020, he was working on a customer's stereo in his business shop and was electrocuted by an exposed wire, which caused injuries to him as well as issues to the shop's power supply and damage to personal and business property. He documented

and reported the losses to Hartford. He alleges that Hartford has been unwilling to cover the losses.

Third, Plaintiff alleges that on March 27, 2020, he reported a loss to the Hartford for damage to the business bathroom due to water damage and mold/mildew. He also reported this to the landlord, Jeff Pheasant, who said his property insurance would fix the bathroom. He also reported the damage to HUD and filed a claim for violation of the Fair Housing Act of 1968 against the landlord. He also filed a complaint for discrimination. He asserts that Pheasant made a claim for a higher deposit and higher rent before and after the damage was reported. In addition a property damage claim was filed, but the damage has not been inspected or fixed.

Fourth, Plaintiff alleges that on April 23, 2020, a loss was reported to the Hartford involving property damage to a customer's property, loss of inventory, and damage to business tools and power tools, which was caused by prior damage to the building on March 9, 2020.

Plaintiff states that he is seeking a penalty for violations of renters rights under the Fair Housing Act of 1968 against Jeff Pheasant. He also wants damages from Pheasant and the Hartford for housing discrimination and exposure to mold and mildew, as well as insurance bad faith for failing to properly handle his claim. Finally, he seeks damages for the building and property.

Plaintiff asserts bad faith claims against the Hartford. Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205)). "The implied covenants of good faith and fair dealing impose a burden that requires each party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Shaw v. CitiMortgage, Inc.*,

201 F.Supp.3d 1222, 1251 (D. Nev. 2016) (quotation omitted). "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F.Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fid. & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071 (1975)). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying the benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354 (1986). In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable tort unless there was no reasonable basis for that determination. *Pioneer*, 863 F.Supp. at 1242.

Plaintiff includes only the fact that he made various claims and the general assertion that the claims were not handled properly. This is insufficient to state a claim of bad faith against the Hartford as Plaintiff does not allege facts that the Hartford denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. He merely asserts that they did not cover or pay his claims. Therefore, the bad faith claim will be dismissed with leave to amend.

Plaintiff also mentions a discrimination claim against the Hartford, and with respect to Jeff Pheasant, Plaintiff appears to allege claims under the Fair Housing Act of 1968, including housing discrimination.

Title VIII of the Civil Rights Act of 1968, the Fair Housing Act (FHA), as amended, prohibits discrimination in the sale, rental and financing of housing based on race, color, religion, national origin, sex, handicap and family status. 42 U.S.C. § 3604. Plaintiff does not include

factual allegations as to how he was discriminated against in violation of the FHA by the Hartford or Pheasant.

Finally, the complaint does not allege the basis for subject matter jurisdiction. For these reasons, the complaint will be dismissed with leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-2).

(3) The complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading  as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

Dated: August 18, 2020

William G. Cobb
United States Magistrate Judge

6