UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEATH V. FULKERSON, et. al., | Case No.: 3:20-cv-00398-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 6, 6-1 |
| THE HARTFORD, et. al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's request to submit amended complaint and proposed amended complaint (ECF Nos. 6, 6-1), which the court will screen under 28 U.S.C. § 1915(e). The court recommends that the motion be denied and this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**I. BACKGROUND**

Plaintiff filed an original complaint and application to proceed in forma pauperis. (ECF Nos. 1, 1-2.) The court issued an order granting the IFP application, but dismissed Plaintiff's action with leave to amend. The court noted that neither the caption nor the complaint itself listed out the defendants. The complaint also did not state the basis for jurisdiction. The complaint contained allegations about a purported burglary of a business on leased property. Plaintiff made vague references to the Fair Housing Act and bad faith against Hartford Insurance Company. The court concluded that an allegation that insurance claims were made and a general

assertion that the claims were not handled properly was insufficient to state a bad faith claim in Nevada. The complaint also did not contain sufficient facts to state a discrimination claim under the Fair Housing Act. ECF No. 4.)

Plaintiff has filed a request to submit an amended complaint and proposed amended complaint, which the court will now screen. (ECF Nos. 6, 6-1.)

The court notes that on November 25, 2020, Judge Du entered an order declaring Plaintiff Fulkerson to be a vexatious litigant, and enjoined him from filing any complaint in this court without first obtaining leave of court. When filing any papers with the court, Fulkerson is required to file an application for leave supported by a declaration stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that Fulkerson has conducted a reasonable investigation of the facts and the investigation supports his claim(s). A copy of the order must be attached to any application submitted to the court. (Case No. 3:20-cv-00399-MMD-CLB, ECF No. 13.)

As this proposed amended complaint was filed before the vexatious litigant order was entered, the requirements of the order do not apply; however, Plaintiff is advised that future filings must comply with Judge Du's order.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the

3

district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The amended complaint states that it is filing a corrected list of plaintiffs to add Plaintiff's wife, Christian M. Fulkerson, as well as the correct names of the defendants: Hartford Financial Services Group, Jeff Pheasant, Sheri Pheasant, and Forever 1213 Properties, LLC. (ECF No. 6-1 at 1.)

Plaintiff states that he owns a business, At Home Electric, located at 9100 Spearhead Way, and the shop inside the garage was burglarized on March 8, 2020. It was reported to the insurance company, the Hartford. There was physical damage to the inside of the garage and to the doors of the house. Plaintiff avers that the insurance company got in touch with the landlord, Jeff Pheasant, who was to notify his insurance company to have the damage fixed. Plaintiff states that he has suffered a loss of income and partial closure of the business premises as the damage was never fixed. Plaintiff claims that he was told the Defendants' insurance would cover the damage, but as of August 20, 2020, it was still not repaired.

Plaintiff goes on to allege that the property that was stolen was the property of a customer of Plaintiff's and included a $40,000 Rolex. He reported this to the Hartford, but the property has not been replaced and the insurance company has not given a timeframe for replacement.

Plaintiff then claims that he was electrocuted while working in the shop on March 19, 2020. A claim was filed with the Hartford for liability and property damage, as well as worker's compensation. He has not been reimbursed.

Next, Plaintiff alleges that he reported water damage to the Hartford on March 27, 2020, which caused major damage to the premises and exposure to mold and mildew by Plaintiff and

his family. The damage was also reported to Jeff and Shari Pheasant so that their homeowner's insurance would fix the damage. As of August 20, 2020, the damage was not yet fixed.

Then, on April 23, 2020, there was property damage reported to the Hartford, and the claim was closed without cause and Plaintiff is still seeking reimbursement for the loss.

Finally, Plaintiff alleges there were verbal agreements as well as a lease agreement that Jeff and Shari Pheasant violated regarding the number of horses allowed at the property and the amount of land and price. He also states that these Defendants have been harassing Plaintiffs.

The complaint is signed by Heath V. Fulkerson.

Preliminarily, Plaintiff states that he is correcting the complaint to add his wife as a Plaintiff; however, the caption does not name his wife, and the complaint is not signed by his wife. Pro se litigants have the right to plead and conduct their own case personally. 28 U.S.C. § 1654. As a general rule, pro se parties may not pursue claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself.") As Plaintiff's wife has not signed the complaint herself, the amended complaint may not proceed with Fulkerson's wife as a plaintiff.

Next, the allegations of the proposed amended complaint, like the original complaint, are vague, conclusory and ambiguous. Dismissal is appropriate on this basis under Federal Rule of Civil Procedure 8 and *Twombly*.

First, like the original complaint, Plaintiff alleges in the amended complaint that insurance claims were made, but property was not replaced or claims were not paid. The court previously advised Plaintiff that it is insufficient to state a claim for insurance bad faith by merely asserting that the insurer did not cover or pay his claims. Moreover, Plaintiff now

contends that certain claims were to have been paid by his landlord's insurance company. Plaintiff has not named that insurance company, and even if he had, he would not have standing as a third-party to assert a claim against his landlord's insurer.

Second, Plaintiff again makes reference to the Federal Housing Act, which prohibits discrimination in the sale, rental, and financing of housing based on race, color, religion, national origin, sex, handicap and family status. 42 U.S.C. § 3604. The proposed amended complaint, like the original, does not contain factual allegations that demonstrate a violation of the fair housing act.

Finally, Plaintiff vaguely states that his landlords violated verbal agreements about the number of horses allowed at the property and amount of money and lands agreed upon. Plaintiff does not describe what the alleged verbal agreements were, or how exactly they were violated. Nor does he include a basis for jurisdiction in federal court for a purported breach of a verbal agreement.

As Plaintiff has already had an opportunity to amend and correct the deficiencies in his complaint, and because at this point, with numerous federal cases filed, Plaintiff is well aware of the pleading standards in federal court, the court recommends that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's request to submit an amended complaint (ECF No. 6), and **DISMISSING** this action **WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 5, 2021

*/s/ William G. Cobb*
William G. Cobb
United States Magistrate Judge